IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL A. FISHER, | ) | CASE NO. 1:12 CV 2731 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| T. HOUGLAN, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 1, 2012, plaintiff *pro se* Michael A. Fisher, an inmate at the Grafton Correctional Institution ("GCI"), filed this *in forma pauperis* action against GCI Dr. T. Houglan, GCI Health Care Administrator Wright Hughes, and GCI Institutional Inspector D. Krandall. Plaintiff alleges Dr. Houglan has refused to provide him certain medications to relieve severe pain and discomfort from angina and the after-effects of open heart surgery, even though the medications have been recommended by cardiologists at the Ohio State University Hospital on at least two occasions. Plaintiff further alleges that defendants Hughes and Krandall have "refused to do anything about the actions of Dr. Houglan."

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

While plaintiff's claims against Dr. Houglan may have arguable merit, the same cannot be said regarding his claims against the other two defendants. It appears these defendants were named in the complaint based on a theory that they supervise or control Dr. Houglan. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. *Id.* Liability therefore must lie upon more than a mere right to control employees and cannot rely on simple negligence. *Id.*

For liability to attach to supervisors, a plaintiff must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the goings on. *Id.* Instead, the supervisors must somehow encourage or condone the actions of their inferiors. *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). Even assuming Hughes and Krandall have control over what Dr. Houglan prescribes - an unlikely prospect - the complaint does not set forth allegations reasonably suggesting a basis for their liability as supervisors.

Accordingly, defendants Hughes and Krandall are **dismissed** from this action pursuant to 28 U.S.C. § 1915(e), and the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from their dismissal could not be taken in good faith. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on Dr. Houglan. **A copy of this order shall be included with the documents to be served on him.**

IT IS SO ORDERED.

                                                /s/Dan Aaron Polster 2/20/13
                                                DAN AARON POLSTER
                                                UNITED STATES DISTRICT JUDGE